UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MIRANDA, on behalf of himself
and all similarly situated individuals,

      CASE NO.:

    Plaintiff,

v.

ERNST & YOUNG U.S. LLP., a Delaware
Limited Liability Partnership,

    Defendant.
_____/

## COLLECTIVE/CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MIRANDA ("Miranda" or "Plaintiff"), on behalf of himself and other Anti-Money Laundering "Consultants" ("AML") employees and former employees similarly situated, by and through undersigned counsel, file this Complaint against Defendant, ERNST & YOUNG U.S. LLP ("EY" or "Defendant") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former AML employees of the Defendant's, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former AML employees of the Defendant, pursuant to Fed.R.Civ.P.23, that he is entitled to back wages from Defendant for overtime work for which he did not receive overtime

premium pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations.

3. New York Labor Law ("NYLL") Article 5, §§ 160 *et seq.*, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* require employers to provide employees proper break times and pay employees wages for all hours worked. NYLL Article 6, § 195(3) requires employers to provide wage statements with accurate information, including the number of hours worked in a work week.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. This Court has jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. §1367, because Plaintiff's state law claims arise from substantially the same factual nexus as his FLSA claims.

8. Venue is proper in the Southern District of New York because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES

9. At all times material hereto, Plaintiff was a resident of Essex County, New Jersey.

10. At all times material hereto, Plaintiff was a non-exempt AML and performed

related activities for Defendant in New York County, New York.

11. At all times material hereto EY, was and continues to be a Delaware Limited Liability Partnership, with its principal executive office located at 5 Times Square, New York, New York.

12. At all times material hereto EY, was and continues to be an accounting and consulting firm, servicing a multitude of clients including banking and money managers.

13. Among its consulting services, EY provides anti-money laundering and counter financing of terrorism and sanctions compliance advising services.

## **COVERAGE**

14. At all times material hereto Plaintiff was employed by Defendant within the meaning of FLSA.

15. Plaintiff was hired by Defendant as an AML and performed his duties in New York and New Jersey.

16. Throughout his employment, Plaintiff reported to Defendant in his capacity as an AML.

17. Throughout his employment, Defendant supervised Plaintiff, assigned Plaintiff his work duties, and determined the manner and method by which he was to perform his duties.

18. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of FLSA and NYLL.

19. Defendant was, and continues to be, an "employer" within the meaning of FLSA and NYLL.

20. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of FLSA and NYLL.

21. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of EY was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones and other tools and materials necessary for the work they performed.

24. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he handled interstate telephone calls and computer transactions on a regular and frequent basis as part of his job duties while employed by Defendant, and simultaneously worked in two different states for Defendant.

25. At all times hereto, Defendant simultaneously operated in two or more states/countries.

## STATEMENT OF FACTS

26. EY is an accounting and consulting firm offering services to clients throughout the world.

27. Plaintiff was employed by Defendant as a non-exempt AML at all times relevant hereto.

28. Plaintiff worked in this capacity from approximately September 2016 through August 2017.

29. Throughout his employment, Plaintiff was paid solely a salary in exchange for work he performed.

30. Plaintiff and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

31. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

32. Defendant has employed and is employing hundreds of other individuals as AMLs who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members companywide.

33. Defendant has violated Title 29 U.S.C. §207 and the NYLL from September 2016 and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times hiss regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff and the class members were all AMLs and performed the same or similar job duties as one another in that they performed AML duties for Defendant and its clients as part of its anti-money laundering advisory service function.

35. Plaintiff and the class members were subjected to the same pay provisions in that

they were paid solely a bi-weekly salary, but not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

36. Defendant's failure to compensate employees for hours worked in excess of 40 hours in a work week as required by the FLSA results from a policy or practice of failure to assure that AMLs are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

37. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All AMLs who worked for Defendant within the last three (3) years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more work weeks**

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

39. Defendant did not act in good faith nor rely upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more work weeks without

compensating such employees for their work at a rate of at least time-and-one-half for all hours worked in excess of 40 hours in a work week.

41. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

42. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

43. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

44. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since February 2013, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for hours actually worked as well as overtime wages as required in violation of the New York Labor Law (the "Class").

45. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are thirty-five (35) or more members of the Class during the Class Period.

46. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate

defendants.

47. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

48. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All AMLs who worked for Defendant within the last six (6) years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more work weeks.**

49. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

50. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

51. There are questions of law and fact common to the Class which predominates over any questions solely affecting the individual members of the Class, including but not limited to:

　　a. whether the Defendant employed the members of the Class within the meaning of the NYLL;

　　b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

　　c. what proof of hours worked is sufficient where employers fail in their duty to

maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NYLL;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

52. Plaintiff realleges and reavers paragraphs 1 through 42 of the Complaint as if fully set forth herein.

53. From at least September 2016 and continuing until August 2017, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

54. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

56. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

…

57. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF NEW YORK LABOR LAW - UNPAID OVERTIME

60. Plaintiff realleges and reavers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

61. Defendant failed to pay Plaintiff and the Class Members overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

62. Defendant failed to pay Plaintiff and the Class Members one-and-one-half times their regular rate of pay for all work in excess of forty hours per workweek.

63. Through their knowing or intentional failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of forty hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

64. Due to Defendant's willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF NEW YORK LABOR LAW
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

65. Plaintiff realleges and reavers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

66. Defendant failed to supply Plaintiff and the Class Members with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

67. Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff and the Class Members because Defendant failed to list the time Plaintiff and the Class worked, their regular rate of pay, and/or their overtime rate of pay.

68. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

69. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages and overtime compensation due under the FLSA and the NYLL;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216, and the NYLL

g. Statutory penalties for each workweek that Defendants failed to provide Plaintiffs and the Class Members with accurate wage statements, as provided for by NYLL, Article 6, § 198;

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: April 26, 2019    Respectfully submitted,

            */s/ Andrew R. Frisch*
            Andrew R. Frisch
            MORGAN & MORGAN
            600 N. Pine Island Road, Suite 400
            Plantation, FL 33324
            Tel: 954-WORKERS; Fax: 954-327-3013
            E-Mail: **afrisch@forthepeople.com**